UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT GLEN MYERS,                )    | |
|         )    | |
|     Plaintiff,             )    | |
|         )    | |
|     vs.              )    | Case No. 4:25-cv-00815-MTS |
|         )    | |
| AFFTON DINER, LLC,          )    | |
|         )    | |
|     Defendant.           )    | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Affton Diner, LLC's Motion to Dismiss. Doc. [9]. In the Motion, "Defendant move[d] to dismiss the claims against it as moot, and for lack of standing." *Id.* at 1. This Court may address subject matter jurisdictional issues in the order it chooses. *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007). Here, the Court chooses to address the mootness issue. *Cf. Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 5 (2023) (declining to decide standing issue in ADA case where case had become moot).

Plaintiff acknowledges that "neither the Supreme Court nor the Eighth Circuit has reached" issues that bear upon on his standing, and some disagreement exists among the courts of appeals that have reached the issue. *See* Doc. [13] at 11–12. Federal courts should not rush to decide unsettled legal issues that can easily be avoided. *See Gray v. Cummings*, 917 F.3d 1, 18 (1st Cir. 2019) (joined by Souter, J.); *cf. Camreta v. Greene*, 563 U.S. 692, 707 (2011) ("In general, courts should think hard, and then think hard again, before turning small cases into large ones."). Here, Defendant represents to the

Court that the "changes" Plaintiff "sought" to Defendant's website "have been made." Doc. [9] at 4; *see also Bacon v. Walgreen Co.*, 91 F. Supp. 3d 446, 451 (E.D.N.Y. 2015) (Bianco, J.) (explaining that "a claim under the ADA can become moot if a defendant remedies the access barrier during the pendency of the litigation" (citing *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011))).

Plaintiff does not dispute Defendant's contention. But Plaintiff does argue that Defendant's Motion "fails to lay sufficient groundwork" to carry its burden to show that this case is moot. *See* Doc. [13] at 15. On this point, Plaintiff may well be correct. *See W. Virginia v. Env't Prot. Agency*, 597 U.S. 697, 719 (2022); *Kennedy Bldg. Assocs. v. Viacom, Inc.*, 375 F.3d 731, 745 (8th Cir. 2004). But mootness is a jurisdictional issue. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam). As such, the Court may raise it *sua sponte*. *See Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024); *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). Indeed, a federal court is obligated to raise a mootness issue it observes regardless of the parties' positions on this issue. *See Olin Water Servs. v. Midland Research Labs., Inc.*, 774 F.2d 303, 306 n.3 (8th Cir. 1985); *accord Mine Reclamation Corp. v. FERC*, 30 F.3d 1519, 1522 (D.C. Cir. 1994); *Bailey v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987) (per curiam).

Because Defendant's counsel, an officer of the Court, has represented to the Court that Defendant has made the changes to its website that Plaintiff seeks, and because Plaintiff in no way has contested the accuracy of that representation, all appearances indicate that this case can be easily determined on mootness grounds. The Court therefore will require that Defendant, no later than **Monday**, **December 01, 2025**, file

- 3 -

supplemental briefing on the mootness issue.  Defendant shall provide evidence—a declaration or some other kind of evidence—that supports its representation that the changes Plaintiff sought to Defendant's website have been made.  Plaintiff shall file a response to Defendant's supplemental material within ten (10) days of its filing.  Failure by Defendant or Plaintiff to abide by this Order may result in sanction or other disadvantage.

    So **ORDERED** this 18th day of November 2025.

                                        MATTHEW T. SCHELP
                                        UNITED STATES DISTRICT JUDGE