**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT GLEN MYERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:25-cv-0815-MTS |
| | ) | |
| AFFTON DINER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Affton Diner, LLC's Motion to Dismiss, which seeks dismissal of this action for, among other reasons, Plaintiff's lack of standing. Doc. [9]; *see also* Fed. R. Civ. P. 12(b)(1). After a complete review of the filings and Plaintiff's Complaint, the Court concludes that Plaintiff has not plausibly alleged that he has suffered an Article III injury in fact. For this reason, the Court must grant the Motion and dismiss this action without prejudice.

\*

Robert Glen Myers, a blind man living in Caldwell County, Missouri, is a serial litigant who has filed numerous civil actions against various entities in multiple federal district courts under the Americans with Disabilities Act ("ADA"). In this action, he sued Defendant Affton Diner, LLC, which—as one might guess—operates a diner in Affton, Missouri. Defendant has moved the Court to dismiss this action against it for multiple reasons, one being that Plaintiff, according to Defendant, lacks Article III standing. To survive Defendant's Motion to Dismiss for lack of standing, Plaintiff

needed only to have "allege[d] sufficient factual matter, accepted as true, to support a reasonable and plausible inference that []he satisfies the elements of Article III standing." *Johnson v. Griffin*, 69 F.4th 506, 510 (8th Cir. 2023). While this burden is "relatively modest," *see id.*, Plaintiff did not meet it.

The United States Court of Appeals for the Eighth Circuit has consistently explained that, while plaintiffs need not engage in the "futile gesture" of visiting a place of public accommodation that contains known barriers that the owner has no intention of remedying, *see* 42 U.S.C. § 12188(a)(1), plaintiffs must at least establish knowledge of the barriers and that they would visit the place of public accommodation in the imminent future but for those barriers. *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000); *Dalton v. NPC Int'l, Inc.*, 932 F.3d 693, 695 (8th Cir. 2019). While Plaintiff has visited Defendant's website, he has never visited Defendant's diner. The place of public accommodation—contrary to Plaintiff's position—is Defendant's diner, not its website. *See* 42 U.S.C. § 12181(7)(B) (listing "a restaurant, bar, or other establishment serving food or drink" as a public accommodation); *see also Parker v. Metro. Life Ins. Co.*, 121 F.3d 1006, 1010 (6th Cir. 1997) (en banc) ("[A] public accommodation is a physical place.").

To be sure, Plaintiff says that he intends to visit Defendant's diner. But a mere "some day" intention, even if plausible, is "insufficient." *Steger*, 228 F.3d at 893 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992)); *see also Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1234–35 (11th Cir. 2021) (concluding the "totality of relevant facts simply d[id] not support the conclusion" that plaintiff faced a real and

immediate threat of future discrimination at defendant's hotel because she "had no credible or concrete plan to return" to the hotel or even the city in which it was located). In any event, even his "some day" intention simply is implausible since he has not pleaded facts that show he has any real intention to visit or to partake in the goods and services available at Defendant's diner.

This diner is around 250 miles away from Plaintiff's residence—roughly four-hours away by car. Plaintiff is blind, Doc. [1] ¶ 9, and, quite understandably, he finds "traveling outside of his home" to be an "often difficult, hazardous, frightening, frustrating, and confusing experience," *id.* ¶ 24. So, when is he going to visit Affton and dine at this diner? Though his Complaint is twenty-four pages in length, it contains <u>no</u> allegations that Plaintiff has any specific plans to do so. He points to no future travel to Affton. Indeed, he does not even allege that he has specific plans to be anywhere in the greater St. Louis region. He does not allege that he has been in the area recently. Nor does he discuss how he would travel to the area. And he does not allege any reason why he might do so—*e.g.*, friends, family, or business in the area. All Rule 11(b) apparently allowed him to muster is that he is "interested in patronizing, and intends to patronize [Defendant's diner] in the near future." Doc. [1] ¶ 21. But "[c]onclusory allegations do not satisfy the requirements of Article III." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citing *Warth v. Seldin*, 422 U.S. 490, 508 (1975)).

For these reasons, it is not plausible that Plaintiff has any intent to visit the diner, let alone a specific intent to do so. The circumstances here buttress this conclusion. Plaintiff is a serial litigant. Court records show that he has filed almost fifty ADA actions

in the Eastern District of Missouri alone.  This tally does not include the many other ADA actions Plaintiff has filed elsewhere against entities closer to his home.[1]  At bottom, Defendant's diner is just one of the dozens and dozens of eating establishments peppered throughout Missouri that Plaintiff has sued and avowed a general interest and intention to visit.  Judicial experience and common sense point to the conclusion that, at least as to the Affton diner, Plaintiff's intention is not remotely plausible.  *Cf. Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (explaining that determining plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

\* \* \*

As this Court found in a previous ADA action Plaintiff brought, he has not shown he can answer the "What's it to you?" of standing.  *See Myers v. Adam's Smokehouse, LLC*, 4:25-cv-0860-MTS, 2025 WL 2522430, at \*1 (E.D. Mo. Sept. 2, 2025), *reconsideration denied*, 2025 WL 2538382 (E.D. Mo. Sept. 3, 2025); *see also* Antonin Scalia, *The Doctrine of Standing as an Essential Element of the Separation of Powers*, 17 Suffolk U. L. Rev. 881, 882 (1983).  Defendant Afton Diner LLC's alleged failure to provide an accessible website "is nothing to [Myers]," because he has no "intent to visit the [restaurant]."  *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 12 (2023) (Thomas, J.

---

[1] *See, e.g.*, *Myers v. Fun Farm Barn Co.*, 5:25-cv-6213-RK (W.D. Mo.); *Myers v. A & G Restaurant, Inc.*, 5:25-cv-6138-FJG (W.D. Mo.); *Myers v. Hand Cut Steaks of Poplar Bluff, Inc.*, 5:25-cv-06129-BCW (W.D. Mo.); *Myers v. Pirtle Winery LLC*, 5:25-cv-6116-RK (W.D. Mo.); *Myers v. Red Barn Food & Wine, LLC*, 5:25-cv-6010-BCW (W.D. Mo.); *Myers v. Cameron Mitchell Restaurants, LLC*, 5:24-cv-06103-SRB (W.D. Mo.).

concurring in the judgment).  He therefore lacks standing, which means the Court must

dismiss his action without prejudice.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, Doc. [9], is

**GRANTED**.  The Court will enter herewith an Order of Dismissal that will dismiss this

action without prejudice.

**IT IS FURTHER ORDERED** that any motion for fees shall be filed no later than

**Thursday**, **January 22, 2026**.  *See* 42 U.S.C. § 12205; *Smith v. Bradley Pizza, Inc.*,

0:17-cv-2032-ECT, 2019 WL 6650475, at *2 (D. Minn. Dec. 6, 2019).

Dated this 8th day of January 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also maintains that it has remediated any shortcomings of its website and that this action therefore is moot.  The Court ordered further briefing on the mootness issue to avoid, if possible, reaching the standing issue. *See* Doc. [16], 2025 WL 3216399; *cf. Acheson Hotels*, 601 U.S. at 5 (declining to decide standing issue in ADA case where controversy had become moot). Plaintiff continues to maintain that this action is not moot. *See* Doc. [18].  The Court chooses to decide the standing issue and does not decide Defendant's colorable mootness argument.  *See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).